UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHIKO STEHRENBERGER,

    Plaintiff,

    v.

JPMORGAN CHASE BANK, N.A.,

    Defendants.

Civil Action 2:12-cv-874
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

### ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Michiko Stehrenberger, a Washington resident who is proceeding without the assistance of counsel, brings this action against Defendant, JPMorgan Chase Bank ("Chase"), seeking a declaration that Chase does not own any Washington Mutual Bank ("WaMu") assets and enjoining Chase from collecting loan payments.  This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 1.)  The Motion is **GRANTED**.  Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.  This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to assert any claim with an arguable basis in law over

which this Court has subject matter jurisdiction.

**I.**

According to the Complaint, Plaintiff obtained a loan or line of credit from WaMu. In September 2008, the United States Office of Thrift Supervision seized WaMu and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC then sold certain WaMu assets, including all loans and loan commitments, to Chase pursuant to a written Purchase and Assumption Agreement (the "PAA").[1]

It appears that Plaintiff seeks to have the Court declare the PAA invalid because it contains "no listing of any individually-identifiable loans, lines of credit, credit card accounts, trust business, mortgage servicing rights, or other assets being purchased." (Compl. ¶ III-25, ECF No. 1-2.) Plaintiff further asks the Court to enjoin Chase from "enforcing payment [or] collecting debts" arising from the WaMu loans that it acquired pursuant to the PAA and to order Chase "to refund all monies [it] received" from the WaMu loans. (*Id*. at ¶¶ IV-3.)

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

---

[1]Like many other courts, this Court takes judicial notice of the PAA, which is available through the FDIC's website, pursuant to Federal Rule of Evidence 201(b). *See* Fed. R. Evid. 201(b)(2) (judicial notice proper where information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Roberts v. JPMorgan Chase Bank, N.A.*, Nos. 09-cv-07855 and 09-cv-07879, 2011 WL 4479455, at *2 (N.D. Cal. Mar. 11, 2011) (taking judicial notice of the PAA and collecting cases in which other courts also took judicial notice of the PAA and its provisions); *Yetiv v. Chase Home Fin. LLC*, No. 4:11-cv-01250, 2012 WL 112597, at *4 n.1 (S.D. Tex. Jan. 11, 2012) (same).

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules

---

[2]Formerly 28 U.S.C. § 1915(d).

of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.

The undersigned finds that Plaintiff's claims against Chase are frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. Here, Plaintiff's premises his claims against Chase on "indisputably meritless" legal theories. Plaintiff indicates that he obtained a loan from WaMu. He concedes that the FDIC sold all of WaMu's loans and loan commitments to Chase pursuant to the PAA. Plaintiff's claim for relief is premised upon his legal theory that the PAA is invalid and unenforceable against him because the PAA does not specifically identify and list his loan as an asset Chase acquired.

Plaintiff's unsupported legal theory indisputably lacks merit. The Federal Deposit Insurance Act authorized the FDIC, as the receiver of WaMu, to "transfer any asset or liability" of WaMu "without any approval, assignment, or consent with respect to such transfer." *See* 12 U.S.C. § 1821(d)(2)(G)(i)(II). Consistent with this statutory provision, the FDIC transferred all

of WaMu's loans and loan commitments to Chase pursuant to the September 2008 PAA.  Courts have, therefore, consistently held that Chase became the owner of WaMu's loans and loan commitments by operation of law and have rejected any arguments that Chase is not entitled to enforce the acquired WaMu loans.  *See*, *e.g.*, *Sherman v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-05357, 2012 WL 3071246, at *1–2 (W.D. Wash. July 30, 2012) (characterizing the plaintiff's assertion that Chase was not entitled to enforce the WaMu notes it obtained pursuant to the PAA because "there is no evidence of ownership" as "simply untrue" and dismissing the action for failure to state a claim); *Lomely v. JPMorgan Chase Bank*, No. 5:12-cv-01194, 2012 WL 4123403, at *3–4, (N.D. Cal. Sept. 17, 2012) (rejecting the plaintiff's arguments that Chase failed to acquire an interest in his WaMu loan through the PAA and dismissing the plaintiff's complaint for failure to state a claim).

Because the undersigned concludes that Plaintiff has failed to advance any claims with any arguable basis in law, it is **RECOMMENDED** that Court dismiss this action as frivolous pursuant to Section 1915(e)(2)(B)(i).

## IV.

In summary, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. (ECF No. 1.)  Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.  In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

**IT IS SO ORDERED.**

Date: September 26, 2012      /s/ *Elizabeth A. Preston Deavers*
                              Elizabeth A. Preston Deavers
                              United States Magistrate Judge