UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHIKO STEHRENBERGER,

    Plaintiff,

                                      Civil Action 2:12-cv-874
    v.                              Judge James L. Graham
                                      Magistrate Judge Elizabeth P. Deavers

JPMORGAN CHASE BANK, N.A.,

    Defendants.

**OPINION AND ORDER**

Plaintiff, Michiko Stehrenberger, a Washington resident who is proceeding without the assistance of counsel, brings this action against Defendant, JPMorgan Chase Bank ("Chase"), seeking a declaration that Chase does not own any Washington Mutual Bank ("WaMu") assets and an order enjoining Chase from collecting loan payments.  This matter is before the Court for consideration of Plaintiff's October 15, 2012 Objections (ECF No. 5) to the United States Magistrate Judge's September 26, 2012 Report and Recommendation (ECF No. 3), in which the Magistrate Judge recommended dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.  For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** this action.

I.

Plaintiff, in her Complaint, alleges that she is a "past/present Washington Mutual Bank loan/line of credit customer." (Compl. ¶ I, ECF No. 2.) In September 2008, the United States Office of Thrift Supervision seized WaMu and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC then sold certain WaMu assets, including all loans and loan commitments, to Chase pursuant to a written Purchase and Assumption Agreement (the "PAA"). Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of these events and also of the PAA and its provisions, which is available through the FDIC's website. *See* Fed. R. Civ. P. 201(b)(2) (judicial notice proper where information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Roberts v. JPMorgan Chase Bank, N.A.*, Nos. 09-cv-07855 and 09-cv-07879, 2011 WL 4479455, at *2 (N.D. Cal. Mar. 11, 2011) (taking judicial notice of the PAA and collecting cases in which other courts also took judicial notice of the PAA and its provisions); *Yetiv v. Chase Home Fin. LLC*, No. 4:11-cv-01250, 2012 WL 112597, at *4 n.1 (S.D. Tex. Jan. 11, 2012) (same).

Plaintiff alleges that the PAA "contains no . . . listing of any individually-identifiable loans, lines of credit, credit card accounts, trust business, mortgage servicing rights, or other assets being purchased." (Compl. ¶ III.25, ECF No. 2.) She further alleges that since executing the PAA, Chase has been "enforcing payments on [WaMu] assets, including debts, repossessing property, and conducting foreclosures." (*Id.* at ¶ III.32.)

Plaintiff asks the Court to declare that PAA is invalid such that it did not convey any WaMu assets. In support of this relief, she theorizes that Chase "was . . . only able to acquire . . . [WaMu] assets that were individually identified within the [PAA] itself." (*Id.* at ¶ III.23.) In her

2

Objections, Plaintiff adds that "it is now known that [WaMu] rapidly sold off or pledged as collateral the loans that it had originated and was no longer the owner of loans originated in its name before it failed on September 25, 2008." (Pl.'s Objection 3, ECF No. 5.)  She submits that "it would not be reasonable for one to make the sweeping assumption that any loan not specifically identified . . . was automatically concluded in the PAA transaction." (*Id.*)

Plaintiff further asks the Court to enjoin Chase from "enforcing payment [or] collecting debts" arising from the WaMu loans that it acquired pursuant to the PAA and to order Chase "to refund all monies [it] received" from the WaMu loans. (Compl. ¶ IV.3, ECF No. 2.)  Plaintiff also asks this Court to declare that it and other courts have "immediate jurisdiction to compel [Chase] to refund all monies received" relating to its enforcement of WaMu assets. (*Id.* at ¶ IV.3.)  Finally, Plaintiff seeks monetary damages and attorneys' fees.

In her Report and Recommendation, the Magistrate Judge recommended that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state any claim with an arguable basis in law over which this Court has subject matter jurisdiction.  She reasoned as follows:

> The undersigned finds that Plaintiff's claims against Chase are frivolous.  A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28.  Here, Plaintiff's premises h[er] claims against Chase on "indisputably meritless" legal theories.  Plaintiff indicates that [s]he obtained a loan from WaMu. [S]he concedes that the FDIC sold all of WaMu's loans and loan commitments to Chase pursuant to the PAA.  Plaintiff's claim for relief is premised upon h[er] legal theory that the PAA is invalid and unenforceable against h[er] because the PAA does not specifically identify and list h[er] loan as an asset Chase acquired.
>
> Plaintiff's unsupported legal theory indisputably lacks merit.  The Federal Deposit Insurance Act authorized the FDIC, as the receiver of WaMu, to "transfer any asset or liability" of WaMu "without any approval, assignment, or consent with

3

respect to such transfer." *See* 12 U.S.C. § 1821(d)(2)(G)(i)(II). Consistent with this statutory provision, the FDIC transferred all of WaMu's loans and loan commitments to Chase pursuant to the September 2008 PAA.  Courts have, therefore, consistently held that Chase became the owner of WaMu's loans and loan commitments by operation of law and have rejected any arguments that Chase is not entitled to enforce the acquired WaMu loans. *See*, *e.g.*, *Sherman v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-05357, 2012 WL 3071246, at *1–2 (W.D. Wash. July 30, 2012) (characterizing the plaintiff's assertion that Chase was not entitled to enforce the WaMu notes it obtained pursuant to the PAA because "there is no evidence of ownership" as "simply untrue" and dismissing the action for failure to state a claim); *Lomely v. JPMorgan Chase Bank*, No. 5:12-cv-01194, 2012 WL 4123403, at *3–4, (N.D. Cal. Sept. 17, 2012) (rejecting the plaintiff's arguments that Chase failed to acquire an interest in his WaMu loan through the PAA and dismissing the plaintiff's complaint for failure to state a claim).

(Sept. 26, 2012 Report & Rec. at 4–5, ECF No. 3.)

Plaintiff objects to the Magistrate Judge's Report and Recommendation on a number of grounds.  Specifically, Plaintiff maintains that the Magistrate Judge wrongfully "presum[ed] the truth of the terms of the PAA as the basis for recommending dismissal . . . before [performing] any proper analysis of the PAA . . . ."  (Pl.'s Obj. 1–2, ECF No. 5.)  She further posits that the Magistrate Judge "misunderstood the nature of Plaintiff's request for declaratory relief."  (*Id*. at 4.)  Plaintiff clarifies that the "entire purpose" of this action "is for the Court to determine, with a fresh and objective view, what exact 'loans and commitments' were sold pursuant to the PAA" in light of the PAA's failure to explicitly list every single asset included.  (*Id*. at 6.; *see also id*. at 12 ("[W]hat is being sought through this action is a declaration by this Court constructing the terms and effects of a contract as they impact Plaintiff.").)  Plaintiff also submits that the authority the Magistrate Judge relied upon is distinguishable because the plaintiffs in those cases failed to challenge the validity of the PAA.  Finally, Plaintiff requests thirty days to amend her Complaint in the event the Court deems it to be legally insufficient.

4

**II.**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge correctly explained, 28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Courts conducting initial screens under § 1915(e) apply motion to dismiss standard. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id*. While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

5

570 (2007). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). *Id*.

### III.

The Court has reviewed the Report and Recommendation and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and finds Plaintiff's Objections to be without merit.

The Court agrees with the Magistrate Judge, that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. As set forth above, in her Objections, Plaintiff makes clear that she seeks a declaration that the PAA is invalid because the PAA failed to explicitly list each WaMu asset. Plaintiff, a debtor and a non-party to the PAA, however, lacks standing to challenge alleged flaws in the PAA documents. The United States Court of Appeals for the Sixth Circuit recently analyzed this issue as follows:

> [E]ven if there were a flaw in the assignment, [the borrower or debtor] does not have standing to raise that flaw to challenge [the assignee's] chain of title. As recognized by the district court, there is ample authority to support the proposition that "a litigant who is not a party to an assignment lacks standing to challenge that assignment." . . . An obligor/debtor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." 6A C.J.S. Assignments § 132 (2010). These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment, none of which are available in the current matter. *Id*. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice. *Id*. . . . . Without a genuine claim that [the assignee] is not the rightful owner of the loan and that [the obligor or debtor] might therefore be subject to double liability on its debt, [the obligor or debtor] cannot credibly claim to have standing to challenge the . . . [a]ssignment.

*Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). As the Magistrate Judge correctly noted, other courts, too, have consistently

presumed the validity of the PAA and rejected any arguments that Chase is not entitled to enforce the WaMu loans. *See*, *e.g.*, *Sherman v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-05357, 2012 WL 3071246, at *1–2 (W.D. Wash. July 30, 2012) (characterizing the plaintiff's assertion that Chase was not entitled to enforce the WaMu notes it obtained pursuant to the PAA because "there is no evidence of ownership" as "simply untrue" and dismissing the action for failure to state a claim); *Lomely v. JPMorgan Chase Bank*, No. 5:12-cv-01194, 2012 WL 4123403, at *3–4, (N.D. Cal. Sept. 17, 2012) (rejecting the plaintiff's arguments that Chase failed to acquire an interest in his WaMu loan through the PAA and dismissing the plaintiff's complaint for failure to state a claim). Indeed, one such court recently rejected the very theory Plaintiff advances here. *See Jones v. JP Morgan Chase Bank, N.A.*, No. 12-CV-488, 2012 WL 4815468, at *1 (N.D. Cal. Oct. 9, 2012) (taking judicial notice of PAA and relying on PAA's terms to reject the plaintiff's argument that Chase did not own WaMu loans because the PAA did not explicitly list the loans as purchased assets). Even if Plaintiff's theory that PAA is somehow flawed is true, it would not subject her to double liability as WaMu no longer exists. Thus, the Court concludes that Plaintiff lacks standing to collaterally contest the fully executed PAA to which she is not a party and which does not grant her any interests and rights.

In contrast, as acknowledged in *Livonia*, Plaintiff *would* have standing to defend against Chase's enforcement of her WaMu loan under the theory that WaMu had sold her loan *prior* to Chase entering into the PAA. This is because if Chase lacks title because WaMu was not the holder of her loan when Chase entered the PAA, Plaintiff could be at risk for having to pay the same debt twice. Significantly, Plaintiff has not alleged that WaMu did not own her loan or that it had transferred its interest in her loan prior to Chase's acquisition of WaMu's assets. *Cf. Eng v. Dimon*, No. 2012 WL 3659600 at *1, 2 n.5 (N.D. Cal. Aug. 24, 2012) (relying on the PAA to

reject the plaintiff's cause of action, titled "No Evidence of a Loan," explaining that Chase acquired the right to foreclose on the loan under the PAA and noting that the plaintiff had not alleged that WaMu transferred the loan prior to Chase's execution of the PAA). Nor has she alleged that another entity is also seeking to enforce her WaMu loan. Instead, she predicates her challenge of Chase's ownership of her loan on her argument that Chase does not own any WaMu assets because the PAA did not explicitly list each of the assets assigned.[1]

Dismissal of Plaintiff's action is appropriate because no actual controversy exists. "[T]he Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to enter declaratory relief only '[i]n a case of actual controversy . . . .'" *Feiger v. Michigan Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009). Here, Plaintiff's contentions of actual controversy all arise from her assertions that Chase is not the owner of any WaMu assets, including the loan she obtained from WaMu, because the PAA is invalid. As explained above, however, Plaintiff does not have standing to challenge the validity of the PAA, and her allegations challenging Chase's ownership of the loan she obtained from WaMu are too speculative to demonstrate an injury in fact sufficient to confer standing to seek declaratory relief.[2] The Court, therefore, cannot assume jurisdiction over this

---

[1] As set forth above, in her Objections, Plaintiff alleges that "it is now known that [WaMu] rapidly sold off or pledged as collateral the loans that it had originated and was no longer the owner of loans originated in its name before it failed on September 25, 2008." (Pl.'s Objection 3, ECF No. 5.) Even if Plaintiff had incorporated this allegation into her Complaint, it would not have raised her right to relief beyond the speculative level. Put another way, this allegation is insufficient to call into question WaMu's ownership of her loan as of September 25, 2008.

[2] Moreover, Plaintiff has not alleged that Chase is currently collecting or intends to collect on a loan that she obtained from WaMu. "In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or 'demonstrate actual present harm or a significant possibility of future harm.'" *Feiger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (quoting *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998)). For this additional reason, Plaintiff has not met her burden

8

action. *See Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 960–61 (6th Cir. 2009) (dismissal of action seeking declaratory and injunctive relief appropriate where the plaintiff fails to demonstrate standing); *cf. Javaheri v. JPMorgan Chase Bank*, N.A.*,* No. CV10-08185, 2011 WL 1131518, at *4, (C.D. Cal. Mar. 24, 2011) (taking judicial notice of the PAA and dismissing the plaintiff's claim for declaratory relief against Chase on the grounds that no actual controversy existed where the plaintiff had "insufficiently alleged" that Chase did not own the note).

## IV.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (ECF No. 5), **ADOPTS** the Magistrate Judge's September 26, 2012 Report and Recommendation (ECF No. 3), and **DISMISSES** this action for failure to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2).

Finally, the Court **DENIES** Plaintiff's request for leave to amend. Plaintiff's action is predicated on her assertion Chase does not own any WaMu assets because the PAA did not explicitly list each of the assets assigned. As explained above, this legal theory indisputably lacks merit because Plaintiff has no standing to challenge flaws in the PAA. Consequently, there is no pleading defect to cure that would confer standing. Under these unique circumstances, dismissal with prejudice is appropriate. *See B. & V. Distrib. Co., Inc. v. Dottore Co., LLC*, 278 F. App'x 480, 488 n.7 (6th Cir. 2008) (citation omitted) (affirming district court's dismissal for lack of standing with prejudice where "there is no prospect that [the plaintiff] might be able to

---

to establish standing to bring this declaratory judgment action.

cure the defects in his claims by pursuing them and some other court," explaining that "the very same flaws that defeated his claims in this case would continue to exist in any other forum in which he sought to pursue them").  The clerk is directed to enter final judgment dismissing this action with prejudice.

**IT IS SO ORDERED.**


S/ James L. Graham
James L. Graham
UNITED STATES DISTRICT COURT

Date:  November 2, 2012